**O**

# United States District Court
# Central District of California

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA LOCAL 831 EMPLOYER HEALTH FUND; THE EMPLOYER TRAINING AND RE-TRAINING FUND; EMPLOYER HEALTH FUND, | Case No. 2:13-cv-08236-ODW(PJWx) |
| | **ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT [17]** |
|        Plaintiffs, | |
|    v. | |
| EXHIBIT INSTALLATION SPECIALISTS, INC.; and DOES 1-10, inclusive, | |
|        Defendants. | |

## I.    INTRODUCTION

Plaintiff Board of Trustees of the Southern California Local 831 Employer Health Fund, Employer Pension Fund and Employer Training and Re-Training Fund ("The Board of Trustees") filed this Motion for Default Judgment stemming from the Complaint it filed against Exhibit Installation Services ("EIS") on November 6, 2013. In its Complaint, The Board of Trustees allege that EIS violated the Employee

Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–461. ("ERISA") by failing to make contributions to various employee benefit plans.  EIS has not answered the Complaint or appeared before the Court.  The Clerk of Court entered default on March 13, 2014, and the Board of Trustees filed this Motion for Default Judgment on March 21, 2014.  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

## II.   FACTUAL BACKGROUND

The Board of Trustees filed this action against EIS on November 6, 2013, alleging delinquent trust-fund contributions to employee benefit plans in violation of 29 U.S.C. § 1145.  (ECF No. 1.)   The Board of Trustees contends that from November 2010 to July 2013, EIS failed to pay a total of $157,626.21 in monthly employer contributions due to various employee benefit plans under two collective bargaining agreements ("CBA") between EIS and Tradeshow and Sign Crafts Local 831 ("Local 831").  (*Id.* at ¶ 12.)

Defendant EIS is a Pennsylvania corporation that designs, fabricates, and manages tradeshow-exhibit projects.  (*Id.* at ¶ 5.)  The Board of Trustees manages and administers employee benefit plans for Local 831, a labor union representing employees working in the tradeshow and sign-craft industry.  (*Id.* at ¶ 3.)

Local 831 and EIS entered into two consecutive CBAs. (*Id.* at ¶ 8.)  The first CBA was in force from September 1, 2008, to August 31, 2011.  (*Id.*)  The second CBA was in force on September 1, 2011, and is scheduled to end on August 31, 2014.  (*Id.*)  Under the terms of the CBAs, EIS was required to make monthly contributions into trust funds for employee health and dental insurance, pension, and training and retraining.  (Mot. Ex. A.)  The trust funds are "employee benefit plans" as defined by 29 U.S.C. § 1002(3).  (Compl. ¶ 3.)  The CBAs provide that The Board of Trustees would administer and manage the trust funds, which were third-party beneficiaries under both CBAs.  (*Id.*)  Payments were due on the first calendar day of the month and were considered delinquent if not made by tenth day of the month.  (Mot. Ex. A.)

Delinquent payments were subject to interest and liquidated damages.  (ECF No. 21 at 4.)

The Board of Trustees alleges that EIS failed to make 15 scheduled payments into the employee trust funds between November 2010 and July 2013. (Compl. at ¶ 12.)   The Board of Trustees contends that EIS owes it a total of $208,056.53, including (1) $157,626.21 in unpaid contributions, (2) $28,340.62 in liquidated damages, (3) $18,625.28 in interest, and (4) $3,464.42 in attorneys' fees. (*Id*. at ¶ 12-15.)

On January 13, 2014, The Board of Trustees served the Summons and Complaint on EIS by leaving a copy with the receptionist and sending a copy first-class mail in compliance with California Code of Civil Procedure section 415.20. (ECF No. 8.)  EIS was required to answer the Complaint by February 4, 2014.  Fed. R. Civ. P. 12(a)(1)(A)(i).  It failed to do so and the Clerk entered default on March 13, 2014.  (ECF No. 15.)  The Board of Trustees now moves for entry of default judgment against EIS.  (ECF No. 17.)  To date, the Court has received no response from EIS.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the default is entered under Rule 55(a).  Local Rule 55-1 requires that the movant submit a declaration establishing (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice if required by Federal Rule of Civil Procedure 55(b)(2).

A district court has discretion whether to enter default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Upon default, the defendant's liability generally is conclusively established and the well-pleaded factual allegations in the complaint are accepted as true.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–

/ / /

19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of dispute concerning material facts; (6) whether the defendants default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV.   DISCUSSION

### A.   Notice

The Court finds that The Board of Trustees has complied with all the requirements of Local Rule 55-1. In compliance with the California Code of Civil Procedure, the Summons and Complaint were left with a receptionist at EIS, and a copy was mailed first class. *See* Cal. Civ. Proc. Code § 415.20.

### B.   *Eitel* Factors

The Board of Trustees brings suit against EIS for delinquent trust-fund contributions in violation of 29 U.S.C. § 1145. The Court finds that the *Eitel* factors weigh in favor of granting default judgment.

#### 1.   *Possibility of Prejudice to the Plaintiff*

Possibility of prejudice to the plaintiff exists when denying default judgment would leave the plaintiff without a proper remedy or alternate recourse for recovery. *See PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Landstar Ranger v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). This factor favors default judgment because EIS has failed to appear or offer a defense in this case; therefore the only way The Board of Trustees can obtain relief is through default judgment.

/ / /

2.      *Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint*

The second and third *Eitel* factors require a plaintiff to "state a claim upon which they may recover."  *See Phillip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).  ERISA applies to any employee benefit plan established or maintained by an employee organization representing employees in any industry or activity affecting commerce.  29 U.S.C. § 1003(a)(2).  ERISA mandates that an employer obligated to contribute to a multiemployer plan per a CBA has a duty to make the contributions "in accordance with the terms and conditions" of the CBA. 29 U.S.C. § 1145.

In order to establish a violation of 29 U.S.C. § 1145, a plaintiff must demonstrate that (1) the trusts are multiemployer plans as defined by 29 U.S.C. § 1002(37); (2) the collective bargaining agreement obligated defendant to make the required contributions; and (3) defendant did not make the contributions.  *Trs. of Eighth Dist. Elec. Pension Fund v. Gietzen Elec., Inc.*, 898 F. Supp. 2d 1193, 1198 (D. Idaho 2012).

An employee benefit plan is defined as a "multiemployer plan" when the plan (1) has more than one employer making required contributions, and (2) is maintained pursuant to a CBA between an employee organization and more than one employer. 29 U.S.C. § 1002(37)(A).

The Board of Trustees has established that the trust funds were multiemployer plans.  Local 831 is a labor organization that enters into collective bargaining agreements with various employers on behalf of its members.

The Board of Trustees has also shown that EIS was required to make contributions to the employee benefit plans from September 1, 2008, until August 31, 2014.  The Board of Trustees has further demonstrated that EIS did not make its required contributions for 15 months.  As a beneficiary of the employee benefit plans, the Board of Trustees may bring suit under ERISA.  29 U.S.C. §1132 (a)(1)(B). / / /

1    Because the Board of Trustees has established that EIS violated 29 U.S.C. § 1145, this

2    factor favors default judgment.

3                  3.        *Sum of Money at Stake and Possibility of Disputed Material Facts*

4             The next *Eitel* factor favors default judgment when "the sum of money is

5    reasonably proportionate to the harm caused by the defendant's actions," and the

6    likelihood of a dispute over material facts is low.  *Landstar*, 725 F. Supp. 2d at 921–

7    22; *see also WeCoSign, Inc. v. IFG Holdings*, 845 F. Supp. 2d. 1072, 1082 (C.D. Cal.

8    2012).   When a plaintiff has filed a well-pleaded complaint that alleges the facts

9    necessary to prevail on their claim, there is little possibility of dispute over material

10   facts.  *Phillip Morris*, 219 F.R.D. at 498.  When a plaintiff prevails in an action to

11   recover delinquent contributions under 29 U.S.C. § 1145, damages include:

12             (A) the unpaid contributions,

13             (B) interest on the unpaid contributions,

14             (C) an amount equal to the greater of--

15             (i)  interest on the unpaid contributions, or

16             (ii) liquidated damages provided for under the plan in an amount not in excess

17             of 20 percent . . .; and

18             (D) reasonable attorney fees and costs of the action . . . .

19   29 U.S.C. § 1132(g)(2).   The Ninth Circuit has found that these damages are

20   "mandatory and not discretionary."  *See Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.

21   3d 253, 257 (9th Cir. 1996).

22             Both factors favor granting default judgment here.  The damages requested by

23   the Board of Trustees are in line with 29 U.S.C. § 1132(g)(2), and as such reflect the

24   amount Congress saw as reasonably proportionate to the harm caused when an

25   employer fails to pay into employee-benefit plans.  The Board of Trustees has filed a

26   well-pleaded complaint that alleges all the facts necessary to prevail on their claim, so

27   the possibility of a dispute over material facts is remote.

28   / / /

1    *4.     The Possibility of Excusable Neglect*

2    There is little possibility of excusable neglect and default judgment is favored

3    when the defendant fails to respond after being properly served.  *See WeCoSign*, 845

4    F. Supp. 2d. at 1082.  This factor favors default judgment because EIS was properly

5    served and failed to respond.

6    *5.     Policy for Deciding Cases on the Merits*

7    There is a strong preference for deciding each case on its merits whenever

8    "reasonably possible."  *See id.*  However, this preference alone is not dispositive and a

9    defendant's "failure to answer plaintiff's complaint makes a decision on the merits

10   impractical if not impossible."  *See PepsiCo*, 238 F. Supp. 2d at 1177.  This factor

11   favors default judgment because EIS has failed to respond to The Board of Trustees

12   Complaint.

13   **C.    Remedies**

14   When a plaintiff moves for default judgment, the well-pleaded allegations

15   relating to the defendant's liability are taken as true; however, the plaintiff is required

16   "prove up" their damages.  *See PepsiCo*, 238 F. Supp. 2d at 1175; *Landstar*, 725 F.

17   Supp. 2d at 923.  Plaintiff's burden of proof is relatively lenient when "proving up"

18   damages.  *Phillip Morris*, 219 F.R.D. at 498.  If the plaintiff alleges the facts required

19   to establish its claim, then plaintiff need only prove "that the compensation sought

20   relates to the damages that naturally flow from the injuries pled."  *Id*.  Per the

21   supplemental briefing provided by the Board of Trustees, the delinquent contributions

22   owed are calculated by multiplying the number of hours reported in a month by the

23   total per-hour contribution owed by EIS for health, pension, and retraining.[1]  EIS's

24   total hourly rate per the CBAs is as follows: $10.14 per hour from September 1, 2008,

25   to August 31, 2011; $13.07 per hour from September 1, 2011, to December 31, 2011;

26

27   _____

[1] The Court notes that the Board of Trustees did not provide a declaration to prove up their damage

28   calculations as part of the supplemental briefing requested by this Court.  However, the Court recognizes that this supplemental briefing was prepared and signed by an attorney—an officer of the Court—and as such trusts in its accuracy and veracity.

and $13.73 per hour from January 1, 2012, to August 31, 2013.  A liquidated-damages assessment of 10 percent is charged on all delinquent contributions, and, if litigation is filed, this amount increases to 20 percent.  Interest is assessed at 10 percent and is compounded daily from the due date until all delinquent contributions are paid in full.

The Board of Trustees offers evidence to support a total award of $207,696.53, including $157,626.21 in delinquent contributions, $28,340.62 in liquidated damages, $18,265.28 in interest on delinquent contributions, and $3,464.42 for attorneys' fees in accordance with Local Rule 55-3.

The Court finds The Board of Trustees' evidence including the supplemental briefing, signed CBAs, and accounting records, sufficient to prove its damages.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Default Judgment and awards The Board of Trustees a total of $207,696.53.  (ECF No. 23.)

**IT IS SO ORDERED.**


April 23, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**